RECEIVED
USDC, CLERK, CHARLESTON, S

2009 JAN -6  P 2: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. Cox, ) | C. A. No. 2:08-1571-RBH-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, ) Commissioner of Social ) Security, ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on January 31, 2006[1], alleging that he became disabled on December 16, 2004, due to a back injury, heart problems, high blood pressure and diabetes. The application was denied

---

[1] On February 18, 2003, the plaintiff, Michael D. Cox, filed an application for supplemental security income benefits pursuant to Title XVI of the Act, see, 42 U.S.C. §§ 1381-83f. The plaintiff also filed applications for disability insurance benefits on March 15, 2003, and January 6, 2004. All of these applications were denied in initial determinations after which plaintiff took no further appeal. (Tr. 48-59, 61-63, 71-73, 127, 134-44, 179-88, 401-03).

initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on July 7, 2006. The administrative law judge before whom the plaintiff appeared by video with counsel, considered the case <u>de novo</u>, and on November 6, 2007, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 14-23). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on March 10, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since December 16, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, spinal stenosis, and diabetes (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medicaly equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of entire record, I find that the claimant has the residual functional capacity for light work. The claimant can lift and carry up 20 pounds occasionally and

up to 10 pounds frequently, stand and walk for up to 6 hours out of an eight-hour workday, and sit for up to 6 hours out of an eight-hour workday.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 26, 1955, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. As of December 26, 2005, the claimant attained age 50, and is now considered a person closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules directly support a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 16, 2004 through the date of this decision (20 CFR 404.1520(g)).

Tr. 16-23.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

>   the inability to engage in any substantial gainful
>   activity by reason of any medically determinable
>   physical or mental impairment which can expected
>   to result in death or which has lasted or can be
>   expected to last for at least 12 continuous
>   months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular

conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## ISSUES PRESENTED

The plaintiff contends that 1.) the administrative law judge committed reversible error by not properly assessing the treating physicians, Dr. Scott A. Nicol's and Dr. Elizabeth Snodderly's, and the examining physician, Dr. Mason Ahern's, opinions; 2.) the administrative law judge committed reversible error by not properly assessing or explaining the plaintiff's residual functional capacity (RFC) as required by SSR 96-8p; 3.) the administrative law judge committed reversible error by not properly assessing or explaining the rejection of the opinions of Plaintiff's vocational experts, Dr. Dixon Pearsall and Dr. William Stewart. The legal basis for each of these objections follows.

## WEIGHT AFFORDED DOCTOR'S OPINIONS

Agency regulations prescribe how medical opinions are to be evaluated. Unless a treating physician's opinion entitled to controlling weight is involved, 20 C.F.R. § 404.1527(d) directs the administrative law judge to "consider all of the [factors set out in § 404.1527(d)(1)-(6) in deciding the weight [to] give any medical opinion." If upon considering these factors the

5

administrative law judge discounts a medical opinion, the administrative law judge must "provide specific, legitimate reasons for rejecting it." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). This regulatory directive applies to any medical opinion; it includes medical opinions of a consultative examining physician. See, Id. Indeed, § 404.1527(d)(1) specifically gives added weight to medical sources that, rather than merely reviewing records, have examined the plaintiff.

Not all of a physician's opinions are "medical opinions," however. That term is reserved for "judgments about the nature and severity of [a plaintiff's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(2). In contrast, judgments that go beyond purely medical findings to reach "issues reserved to the Commissioner"-such as the claimant's RFC, whether he meets or equals a listing at step three, application of vocational factors, and the ultimate question of disability-"are not medical opinions, as described in paragraph (a)(2) of this section." Id., § 404.1527(e). See, 65 Fed.Reg. 11866, 11868, 11870 (Mar. 7, 2000) ("amending [§ 404.1527(e)] by adding an introductory paragraph to distinguish opinions on issues reserved to the Commissioner from medical opinions," and changing the heading of regulation "from 'Evaluating medical opinions about your impairment(s) or disability' to 'Evaluating opinion evidence' to more accurately identify the content of th[is] section[ ]," since "the term 'medical opinion' means ... judgments about the nature

6

and severity of an individual's impairments, but [§ 404.1527] address[es] other types of opinions too").

This distinction is important. The agency "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(3); see, Soc. Sec. Ruling (SSR) 96-5p, 1996 WL 374183, at 2 (July 2, 1996). Even the opinions of treating physicians "are never entitled to controlling weight or special significance" on such issues. SSR 96-5p, 1996 WL 374183, at 2; see, SSR 96-2p, 1996 WL 374188, at 2 (July 2, 1996) (noting that for a treating source opinion to be entitled to controlling weight, it "must be a 'medical opinion' " as defined "[u]nder 20 CFR 404.1527(a)"). More generally, the multi-factor evaluative scheme in § 404.5127(d) is directed at "[h]ow we weigh medical opinions" and, appropriate to that task, includes factors relating specifically to the nature of the medical source, see, § 404.1527(d)(1), (2), (5). As § 404.1527(e) and SSR 96-5p pointedly distinguish and exclude medical opinions and discount the significance of an opinion's medical source, the analysis guided by § 404.1527(d) and our associated case law, see, e.g., Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004), does not strictly apply. Nevertheless, the ALJ must "evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, at 3. Thus, while § 404.1527(e) and SSR 96-5p constrain the evaluative process under § 404.1527(d), the administrative law judge

7

must still assess "the extent to which the opinion is supported by the record" and, in doing so, "must apply the applicable factors" from § 404.1527(d).  SSR 96-5p, at 3.  In particular, when assessing the probative value of an opinion under § 404.1527(e), it remains "appropriate to consider the supportability of the opinion [see, § 404.1527(d)(3)] and its consistency with the record as a whole [see, § 404.1527(d)(4]."  Id.

## **ANALYSIS OF RFC**

The regulation explaining RFCs states in relevant part:

> 404.1545 Your residual functional capacity.
> (a) General. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations. If you have more than one impairment, we will consider all of your impairment(s) of which we are aware.  We will consider your ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions, as described in paragraphs (b), (c), and (d) of this section. Residual functional capacity is an assessment based upon all of the relevant evidence.  It may include descriptions (even your own) of limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of your medical condition. Observations by your treating or examining physicians or psychologists, your family, neighbors, friends, or other persons, of your limitations, in addition to those observations usually made during formal medical examinations, may also be used.  These descriptions and observations, when used, must be considered along with your medical records to enable us to decide to what extent your impairment(s) keeps you from performing particular work activities.  This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s).

Further, Social Security Rulings address how the administrative law judge is to determine a claimant's RFC. According to SSR 96-8p:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. ... Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy. ...
> The RFC assessment must address both the remaining exertional and non-exertional capacities of the individual. Exertional capacity addresses an individual's limitations and restrictions of physical strength and finds the individual's remaining abilities to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately (e.g., "the individual can walk for five out of eight hours and stand for six out of eight hours").

The administrative law judge must explain how he arrived at these conclusions and failure to do so is in itself sufficient to warrant reversal of the administrative law judge's decision. See, SSR 96-8p at 7 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts.").

## DISCUSSION

There is no question concerning the existence of the plaintiff's claimed impairments or that they limit his functional ability to perform past relevant work. This dispute turns solely on whether the Commissioner has met his burden of coming forward with evidence that there is substantial gainful activity which exists in reasonable numbers in the national or regional economy and which the plaintiff can perform. 20 C.F.R. §§ 404.1520, 416.920 (2001); Gardner v. Stewart, 361 F.2d 827 (4th Cir. 1966).

This requires a two part analysis; what can the plaintiff functionally perform and are there jobs that can be performed by someone with that functionality.

It is clear that burden has not been met.

The opinion of the Commissioner here is that the plaintiff has the functional capacity to perform a full range of light work and therefore the burden of proving the existence of work available is met by relying on the medical vocational guidelines. However, the conclusion that the plaintiff can perform a full range of light work is not supported by substantial evidence, and the opinion should be reversed and the matter remanded to the Commissioner for an award of benefits.

There is not only not substantial evidence, but there is essentially no evidence to support the conclusion that the plaintiff can perform a full range of light work, and the Administrative Law Judge cites none.

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. 20 CFR § 404.1567

The plaintiff's treating physician, Dr. Mason Ahern, reported the plaintiff could work as long as protracted standing

10

was not necessary. The administrative law judge accepted all of Dr. Ahern's opinion except the limitation on standing.

Dr. Nichol and Dr. Snoderly confirmed the plaintiff's impairments and found the plaintiff could do limited work, but could only work 4 hours a day. The Administrative Law Judge accepted those opinions except the restriction on work hours.

Dr. Dixon Pearsall opined that the plaintiff could not perform competitive employment at any exertional level, and the Administrative Law Judge rejected that opinion.

The Administrative Law Judge did give "some weight" to opinions of unnamed agency consultants who reportedly presented findings supporting a conclusion of "not disabled." Only the report of one consulting physician, Dr. James E. Turek, is summarized in the Administrative Law Judges' opinion. Dr. Turek confirmed in June 2004 the existence of the plaintiff's physical impairments and opined they would prevent his returning to past relevant work. This opinion is before the alleged onset date of disability, December 2004 and includes no other opinion or findings related to functional ability.

No other relevant consulting opinions are summarized in the Administrative Law Judges' opinion.

Substantial evidence consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Here there is not substantial evidence, indeed apparently no evidence, to support the conclusion that the plaintiff can

perform a full range of light work.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to the Commissioner to take appropriate action regarding award of benefits to the plaintiff based upon the disability as claimed.  See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

> Respectfully submitted,
>
> *Robert S. Carr*
> Robert S. Carr
> United States Magistrate Judge

Charleston, South Carolina,

January 6, 2009