IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael D. Cox, | ) | C/A No.: 2:08-1571-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Michael D. Cox, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than [a] preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g*., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow,

1

however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in January of 2006, alleging disability since December of 2004 due to a back injury, heart problems, high blood pressure and diabetes. Plaintiff's claims were denied initially and upon consideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on July 2, 2007. The ALJ thereafter denied Plaintiff's claims in a decision issued November 6, 2007. The Appeals Council denied Plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant is a 53-year-old male who has a high school equivalent education. His past work experience includes employment as a heavy equipment operator, tugboat worker and deputy sheriff. He alleges that he became disabled in December of 2004. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits.

Under the Social Security Act, the Plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . . " *Id*. at § 423(d)(1)(A). The burden is

2

on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1560; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful employment since December 16, 2004, the alleged onset date (20 C.F.R.§§ 404.1520(b), 404.1571 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, spinal stenosis, and diabetes (20 C.F.R. § 404.1520 (c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of entire record, I find that the claimant has the residual functional capacity for light work. The claimant can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, stand and walk for up to 6 hours out of an eight-hour workday, and sit for up to 6 hours out of an eight-hour workday.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on December 26, 1955, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. As of December 26, 2005, the claimant attained age 50, and is now considered a person closely approaching advanced age (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. Transferability of job skills in not material to the determination of disability because the Medical-Vocational Rules directly support a finding of "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404. Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560 (c), 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 16, 2004 through the date of this decision (20 C.F.R. § 404.1520 (g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On January 6, 2009, Magistrate Judge Robert S. Carr filed a report and recommendation ("R&R") suggesting that the action should be remanded to the Commissioner to take appropriate action regarding award of benefits and explained: "there is not only not substantial evidence, but there is essentially no evidence to support the conclusion that Plaintiff can perform a full range of light work, and the [ALJ] cites none." (Report, page 10).

The defendant timely filed objections to the R&R on January 26, 2009. The plaintiff filed a Reply on January 28, 2009.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Substantial Evidence of Ability to Perform Light Work**

In his objections to the R&R, the Commissioner argues that the ALJ properly determined that

5

Plaintiff could perform the full range of light work based on the opinions of examining physician Dr. Ahearn and non-examining, non-treating state agency physician Dr. Gonzalez. Defendant points out that Dr. Ahearn recorded in May 2006 that Plaintiff was capable of any "light office work, reception work, or light parts of store room activities where protracted standing was not necessary and where his loads would be extremely light." (R. pp. 256-57). Defendant also notes that Dr. Gonzalez recorded in a June 2006 physical residual functional capacity assessment that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently, standing or walking for a total of 6 hours in an 8-hour workday, and sitting for a total of about 6 hours in an 8-hour workday. (R. p. 236).

Under 20 C.F.R. § 404.1567(b), light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The regulations provide that, "even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [one] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

In this case, Defendant argues that there is substantial evidence to support a finding that Plaintiff can perform a full range of light work activity. Defendant asserts that Dr. Ahearn gave his medical opinion in a May 2006 letter that Plaintiff is capable of any light office work, reception work, or light parts or store room activities where protracted standing was not necessary and where his loads would be extremely light. (R. p. 257). However, although Dr. Ahearn used the term "light" in describing the activity Plaintiff could perform, he did not suggest that Plaintiff has the ability to do substantially all of the light work activities. Moreover, Dr. Ahearn stated that Plaintiff could not work on any job involving long standing, stooping, bending, walking, lifting of any load repetitively or single lifting of

6

any object over 25 pounds, or sit at a work station for eight hours doing assembly line work. (R. p. 257). Therefore, the Court finds that the opinion of Dr. Ahearn does not support the ALJ's finding that Plaintiff can perform a full range of light work.

The defendant's assertion that the opinion of the non-examining, non-treating state agency physician supports the ALJ's findings also fails. The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527(d)(1), every medical opinion, even that of a non-treating or non-examining physician, must be evaluated. The opinion of a treating physician, however, is entitled to more weight than the opinion of a non-treating physician. 20 C.F.R. § 404.1527. It is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 1527(d)(2).

Fourth Circuit precedent has established that the "testimony of a non-examining physician can be relied upon when it is consistent with the record. However, testimony of a non-examining, non-treating physician should be discounted and is not substantial evidence when totally contradicted by other evidence in the record." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). However, "the testimony of a non-examining physician can be relied upon when it is consistent with the record." *Id*.

In this case, Defendant argues that the opinion of a non-examining, non-treating physician constitutes substantial evidence in support of the ALJ's findings. The defendant points to Dr. Gonzalez's June 2006 findings that Plaintiff could perform work that did not require climbing of ladders, ropes, or scaffolds or crawling, more than the occasional stopping, kneeling, or crouching, or more than frequent climbing of ramps or stairs and balancing. Dr. Gonzalez also indicated that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently, standing or walking for a total

7

of 6 hours in an 8-hour workday, and sitting for a total of 6 hours in an 8-hour workday. (R. pp. 236-37). The ALJ gave "some weight" to the opinion of Dr. Gonzalez; however, Dr. Ahearn, an examining physician, indicated that Plaintiff cannot crawl, kneel, or squat. (R. p. 257). Dr. Nicol and Dr. Snoderly, physicians who treated Plaintiff prior to the onset of his alleged disability, indicated that Plaintiff was limited to working 4 hours per day, lifting up to 5 pounds occasionally and frequently, and standing and sitting for 30 minutes at one time. (R. pp. 207, 213). The ALJ accorded little weight to the largely consistent medical opinions of Dr. Ahearn, Dr. Nicol, and Dr. Snoderly with only a cursory application of the factors indicated in 20 C.F.R. § 404.1527. Therefore, the Court finds that the opinion of Dr. Gonzalez does not provide substantial evidence to support the ALJ's finding that Plaintiff can perform a full range of light work.

**Remand for Further Proceedings**

The defendant also objects to the recommendation that the case should be remanded for payment of benefits. Defendant argues that even if there is not substantial evidence to support the ALJ's findings with respect to the Plaintiff's functional capacity, the case should be remanded to require the ALJ to take testimony from a vocational expert to determine if Plaintiff could perform any work in the national economy with the residual functional capacity supported by the record. The Court agrees.

The ALJ made no findings as to whether "[w]ork exists in the national economy ... having requirements that [he is] able to meet with [his] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b); *see also*, *Hall v. Harris*, 658 F.2d 260, 266 (finding that remand was appropriate where there was no evidence on the record as to whether the claimant had nonexertional limitations affecting her capacity to perform sedentary work). Therefore, the Court finds

8

that the case must be remanded so that further evidence can be taken, including but not limited to testimony of a vocational expert, and proper findings made to determine if Plaintiff can perform any work in the national economy with the residual functional capacity supported by the record.

## **Conclusion**

On the record before it, this court must overrule Defendant's objections, except as to those objections that relate to the issue of whether to reverse or remand. Further, the Court adopts the R&R as modified by this Order.

For the foregoing reasons, the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further proceedings as set forth above.

**IT IS SO ORDERED**.

          s/R. Bryan Harwell
          R. Bryan Harwell
          United States District Judge

August 31, 2009
Florence, South Carolina